UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BARRISTER CONSTRUCTION, LLC** * | | **CIVIL ACTION** |
| **VERSUS** * | | **NO. 22-1015** |
| **AMERICAN ZURICH INSURANCE COMPANY ET AL** * | | **SECTION "L" (1)** |

## ORDER AND REASONS

Before the Court is Defendant Travelers Indemnity Company's[1] motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). R. Doc. 10-1. Plaintiff Barrister Construction, LLC opposes the motion. R. Doc. 12. Travelers filed a reply. R. Doc. 17. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

## I. BACKGROUND

This breach of insurance suit arises out of the alleged theft and vandalization of items owned by Plaintiff Barrister Construction ("Barrister Construction"). R. Doc. 1-4. The theft allegedly occurred on October 25, 2020, when unknown persons broke into a warehouse ("Happywoods") and stole construction materials that Plaintiff stored there. *Id.* at 3. Happywoods is allegedly owned by Barrister Global Services Network, Inc. ("BGSN"). *Id.* Plaintiff alleges that, at all relevant times, it was insured for the items that were stolen under a policy ("the Zurich Policy") issued to it by Defendant American Zurich Insurance Company

---

[1] Travelers Indemnity Company was erroneously named as "Travelers Insurance Company" in Plaintiff's pleading. R. Doc. 1-4.

("Zurich"). *Id.* at 4. Plaintiff further alleges that, at all relevant times, Defendant Travelers Indemnity Company ("Travelers") insured Happywoods under a policy ("the Travelers Policy") issued to the warehouse's owner, BGSN. *Id.* This latter policy allegedly included coverage for "liability for the storage of the property of others." *Id.* Following the incident, Plaintiff allegedly submitted insurance claims to both Zurich and Travelers. *Id.* Plaintiff alleges that neither insurer has fulfilled its obligations under the respective policies. *Id.*

As a result, Plaintiff sued Zurich and Travelers (collectively, "Defendants") for breach of contract, asserting that Defendants are liable for its losses stemming from the alleged theft. *Id.* at 4-5. Plaintiff seeks damages in excess of $495,000. *Id.* at 3, 5.

Plaintiff filed this suit in the 21st Judicial District Court for the Parish of Tangipahoa in October 2021. R. Doc. 1-4. On April 14, 2022, Travelers removed the case on the basis of diversity jurisdiction. R. Doc. 1.[2]

## II. PRESENT MOTION

Defendant Travelers moves to dismiss Plaintiff's pleading, asserting that Plaintiff Barrister Construction is not a party to the Travelers Policy, and, therefore, has no right of action against it for any alleged breach of that insurance policy. R. Doc. 10-1. Travelers contends that the Travelers Policy was issued solely to BGSN, a separate and distinct juridical entity from Barrister Construction. *Id.* at 1. Furthermore, Travelers contends that the Travelers Policy does not extend coverage to Barrier Construction. *Id.*

Plaintiff Barrister Construction opposes the motion. R. Doc. 12. Plaintiff argues that it has a cause of action against Travelers because one of its members, Jared Bowers, has an

---

[2] Plaintiff is an LCC whose members are Louisiana citizens. R. Doc. 1 at 3. Travelers is incorporated in Connecticut with its principal place of business in Connecticut, and Zurich is incorporated in Illinois with its principal place of business in Illinois. *Id.*

ownership interest in BGSN and is thus personally insured under the terms of the Travelers Policy. *Id.* at 5. Because one of its members is insured under the Travelers Policy, Plaintiff contends that it is therefore also insured under that same policy. Alternatively, Plaintiff requests leave to amend the suit "to add or intervene as party plaintiffs [BGSN] and/or Jared Bowers." *Id.* at 6.

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure permit a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When evaluating a 12(b)(6) motion, the Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). However, a court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

Typically, a court considering the validity of a plaintiff's claims pursuant to a motion to dismiss is confined to reviewing only the pleadings. However, a court may additionally consider documents attached to the motion to dismiss if they are "referred to in the plaintiff's complaint and central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.

1993)). Such documents may be relied upon because, in attaching them, "the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id.* at 499.

**IV. DISCUSSION**

Travelers argues that Barrister Construction's claims against it should be dismissed because Plaintiff is not insured under the Travelers Policy. R. Doc. 10.

Under Louisiana law, an insurance policy is a contract between the parties, and, therefore, is governed by the general rules of contract interpretation set forth in the Louisiana Civil Code. *Peterson v. Schimek*, 98-1712 (La. 3/2/99); 729 So. 2d 1024, 1028. "To assert a cause of action for breach of contract, [a party] must prove both the existence of a contract and privity." *Terrebone Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 888 (5th Cir. 2002); *see also Impressive Builders, Inc. v. Ready Mix, Inc.*, 88-450 (La. App. 5 Cir. 12/14/88); 535 So. 2d 1344, 1346 (finding no basis for contractual liability absent a showing of privity of contract between the parties); *Randall v. Lloyd's Underwriter's at London*, 602 So. 2d 790, 791 (La. App. 4 Cir. 1992) ("It is a well-accepted principle in Louisiana jurisprudence that, absent a contrary statutory provision, actions ex contractu cannot be maintained against a party by an individual who is not party thereto."); *Saunders v. Nat'l Flood Ins. Program,* No. CIV.A. 13-5613, 2014 WL 3161459, at *2 (E.D. La. 7/8/14) (holding that insured had no claim for breach of insurance contract due to lack privity of contract between insurer and insured).

The Court finds that Barrister Construction is not insured under the Travelers Policy because that policy only covers BGSN and certain named entities, none of which include Barrister Construction. R. Doc. 10-1 at 2; R. Doc. 10-2 at 2, 10-12. Plaintiff's argument that it is insured under the Travelers Policy via Jared Bowers, one of its constituent members, is

4

unavailing. R. Doc. 12 at 5. Bowers purportedly has an ownership interest in both Barrister Construction and BGSN. *Id.*[3] And because Bowers is allegedly covered by the Travelers Policy by virtue of his position in BGSN, Plaintiff contends that it, too, is insured because Bowers is also a member of Barrister Construction. *Id.* Regardless of whether Jared Bowers is insured under the Travelers Policy, members of an LLC are distinct juridical entities from the LLC itself. *See Charming Charlie, Inc. v. Perkins Rowe Assoc.*, 2011-2254 (La. App. 1 Cir. 7/10/12); 97 So. 3d 595, 598 ("A Louisiana limited liability company is a separate legal entity from its members."). It follows, then, that members of an LLC cannot sue in their own name for damages to the LLC's property. *See Glod v. Baker*, 02-988 (La. App. 3 Cir. 8/6/03); 851 So. 2d 1255, 1265 ("[T]he right to sue for wrongs done to the business entity is not a personal, individual right of its owners or members. It belongs to the entity, which enjoys the status of a separate juridical person."). Therefore, it is irrelevant for the purposes of whether Barrister Construction is insured under the Travelers Policy that one of its members may be personally insured under that policy.[4] *See id.* Put another way, whether Jared Bowers is covered under any part of the Travelers Policy simply has no bearing on whether Plaintiff itself is covered under this policy. Travelers is thus correct that Plaintiff lacks a cause of action against it.

Last, the Court turns to Plaintiff's alternative request for leave to amend. R. Doc. 12 at 6. Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."

---

[3] Plaintiff attaches two exhibits in its opposition, both of which are records from the Secretary of State's website. R. Doc. 12-1; R. Doc. 12-2. The first exhibit shows that Jared Bowers is a member of Barrister Construction. R. Doc. 12-1. The other exhibit shows that Jared Bowers is Vice-President, Secretary, and Director of BGSN. R. Doc. 12-2. The Court notes that, although Plaintiff asserts that Jared Bowers is an owner of BGSN, corporate entities, such as BGSN, are owned not by their officers or directors but by their shareholders.

[4] Plaintiff's reliance on *Cutrer v. Scottsdale Ins. Co.*, No. CIV. A. 08-1658, 2009 WL 2707439, at *3 (E.D. La. Aug. 25, 2009), is misplaced. In that case, the issue presented was whether an insurance policy issued to an LLC extended coverage to one of the LLC's members whose name appeared on the policy as an additional insured. *Id.* Here, by contrast, there is no question that the party claiming to be covered under the Travelers Policy—Barrister Construction—is not a named or additional insured under that policy. R. Doc. 1-4; R. Doc. 10-2 at 2, 10-12, 24.

5

Fed. R. Civ. P. 15(a)(2). This is Barrister Construction's first request to amend. In this case, amendment cannot cure the defect as to Barrister Construction's claims against Travelers because it simply is not insured under that policy. However, BGSN and others may have claims under the pertinent policy against Travelers. Accordingly, Plaintiff should be granted leave to amend to add other plaintiffs to this case.

## V.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant Travelers's motion to dismiss, R. Doc. 10, is **GRANTED**. Plaintiff's claims against Travelers are therefore **DISMISSED** with prejudice. All other claims asserted by Plaintiff remain pending.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file an amended complaint, provided such amended pleading is filed within 14 days of the entry of this order.

New Orleans, Louisiana, this 13th day of June, 2022.

_____
**UNITED STATES DISTRICT JUDGE**